0.                    IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA


SALLY ANN STEHLE-ROSELLINI,        )
                                   )        Civil Action No. 09 - 895
              Plaintiff,           )
                                   )        Magistrate Judge Lisa Pupo Lenihan
              v.                   )
                                   )        Doc. No. 8
ALLSTATE CORPORATION and           )
ENCOMPASS INSURANCE COMPANY        )
OF AMERICA,                        )
                                   )
              Defendants.          )


                                **OPINION**

LENIHAN, Magistrate Judge

        Currently before the Court for disposition is Plaintiff's Motion for Remand (Doc. No. 8).

For the reasons set forth below, the Court will deny Plaintiff's motion.

                              *Background*

        Plaintiff, Sally Ann Stehle-Rosselini, by and through her counsel of record, Rishor Simone,

per Kurt S. Rishor, Esquire and Jason E. Rolls, Esquire, filed her complaint in the Court of Common

Pleas of Butler County, Pennsylvania ("State Court") on or about May 28, 2009, asserting state

common law claims against Defendant, Allstate Corporation and Encompass Insurance Company

of America ("Encompass")[1].  Plaintiff's claims arose out of a personal property insurance coverage

claim submitted by Plaintiff to Defendant.  Specifically, in her complaint, Plaintiff asserted claims

for breach of an insurance contract and statutory bad faith under 42 Pa. C.S. §8371.  Plaintiff did not

_____

1.  Plaintiff originally brought this action against Allstate Corporation *d/b/a* Encompass
Insurance Company of America.  On July 17, 2009, Plaintiff filed a Motion to Amend/Correct
Caption to Allstate Corporation *and* Encompass Insurance Company of America.  On July 24,
2009, this court issued an order granting the Motion for Leave to Amend Caption.

specify an amount for compensatory damages in the Complaint.  Instead, Plaintiff stated in two *ad damnum* clauses that she sought: (1) damages in an amount subject to the policy limits of the contract, plus interest and court costs totaling less than $75,000.00 for the breach of contract claim and (2) an amount equal to the prime rate of interest plus three percent, punitive damages, attorneys' fees, court costs, and any other relief that the Court may deem proper in excess of $30,000.00 for the statutory bad faith claim.

On July 8, 2009, Defendants filed a Notice of Removal and the case was removed to this federal district court.  Defendants predicated federal removal jurisdiction on 28 U.S.C. §1332, asserting that there is complete diversity of citizenship among the parties.  (Notice of Removal, ¶ 17.)  In particular, Defendants asserted that the action was removable under Section 1332 because Plaintiff is a resident of the Commonwealth of Pennsylvania, Encompass is an Illinois corporation organized and existing under the laws of the State of Illinois with a principal place of business located in Illinois, and the amount in controversy exceeds $75,000.00 considering the actual and punitive damages claimed.  Therefore, it is removable pursuant to Section 1441, *et seq.* (*Id.* at ¶ 18.)

On July 17, 2009, Plaintiff filed a timely Motion to Remand this action to State Court and Defendants filed a brief in opposition on July 30, 2009.

### *Legal Standards - Removal & Motion to Remand*

Section 1441 of Title 28, United States Code, governs the removal of a case to federal court. Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. §1441(a).  "The removal statutes 'are to be strictly construed against removal and all doubts should

be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987) (other citations omitted)); *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 219 (3d Cir. 2005).  Where a motion for remand is filed, the defendant has the burden of proving that removal was proper. *Sikirica,* 416 F.3d at 219 (citing *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004)).

Of particular relevance here is 28 U.S.C. §1332(a)(1), which provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

Section 1332, which governs federal diversity jurisdiction, grants subject matter jurisdiction to a federal court over a case involving questions of state law if the opposing parties are citizens of different states and the minimum amount of controversy requirement is met.  28 U.S.C. §1332 (2005).

### *Analysis*

Both Plaintiff and Defendants agree that there is complete diversity of citizenship among the parties (Doc. No. 8, ¶ 2, Doc. No. 13, ¶ 2.)  The dispute is whether the $75,000.00 amount in controversy requirement of 28 U.S.C. §1332 is satisfied.

Plaintiff argues that federal court jurisdiction and removal under 28 U.S.C. §1332 are not proper because the amount in controversy does not exceed the statutory minimum requirement of $75,000.00.  Plaintiff contends that under 28 U.S.C. §1332(a), the amount in controversy must exceed $75,000.00 *exclusive of interest and costs*.  (Doc. No. 8, ¶ 6.)  Plaintiff submits that this action is not removable because the amount of damages claimed in this case is $14,758.00, exclusive

of interest and costs.  (Doc. No. 8, ¶ 12.)  Plaintiff asserts that even with successful recovery of the statutory sanctions as outlined in 42 Pa.C.S.A. §8371, which includes interest and costs, her claim still does not meet the amount in controversy requirement.  (Doc. No. 8, ¶ 13.)  Finally, Plaintiff argues that Defendants have the burden of proving to a legal certainty that the claim is in excess of $75,000.00.  (Doc. No. 8, ¶¶ 7, 9.)

Defendants argue that federal court jurisdiction and removal under 28 U.S.C. §1332 are proper because the amount in controversy exceeds the statutory minimum requirement of $75,000.00.  Defendants submit that Plaintiff's original demand in this case was for the policy limits of the applicable insurance contract, punitive damages, attorney's fees, interest, and costs in excess of $75,000.00 considering the actual and punitive damages claimed.  (Doc. No. 1, ¶¶  10,12.)  Defendants submit that Plaintiff's Complaint does not include any averment specifying Plaintiff's claim under the Contract as $14,758.00.  (Doc. No. 13, ¶ 1.)  Lastly, Defendants argue that the case must be remanded only if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount.  (Doc. No. 13, ¶ 9.)

As duly noted in Plaintiff's Motion for Remand, "in considering whether the amount in controversy of a particular dispute exceeds the jurisdictional minimum, a court should begin its assessment of the amount in controversy by looking to the complaint." *Bailey v. J.B. Hunt Transport, Inc.*, 2007 U.S. Dist. LEXIS 16941 (E.D. Pa. 2007) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)).  "[E]ven if a plaintiff states that her claims fall below the threshold, this court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the party states that the demands do not. . . . [T]he plaintiff's pleadings are not dispositive under the legal certainty test." *Morgan v. Gay*, 471 F.3d 469,

474-75 (3d Cir. 2006). Thus, we examine Plaintiff's contentions set forth therein: Plaintiff does not state a specific amount for compensatory damages in her Complaint. Instead, she avers that "pursuant to the Contract, Plaintiff was entitled to receive the actual cash replacement value limited only by the coverage limits contained within the Contract." (*See* Complaint in Civil Action, ¶ 15.) Plaintiff asserts that "venue is properly before this Court as the events occurred in Butler County, Pennsylvania and the amount in controversy is less than $75,000.00." *Id.* at ¶ 5. Additionally, Plaintiff inserts two *ad damnum* clauses. Count I: Breach of Contract seeks "damages in an amount subject to the policy limits of said Contract, plus interest and court cost totaling less than $75,000.00." (*See* Compl., ¶ 41.) Count II: Statutory Bad Faith seeks "an award of interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus three percent, plu[s] punitive damages, attorney fees, court costs and such relief as the Court may deem proper in excess of $30,000.00." (*See* Compl., ¶ 43.)

Plaintiff argues that under *Morgan v. Gay*, 471 F.3d 469 (3d Cir. 2006), Defendants have the burden of proving to a legal certainty that the claim is in excess of $75,000.00. (Doc. No. 8, ¶¶ 7, 9.) Defendants argue that under *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392 (3d Cir. 2004), the case must be remanded only if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount. (Doc. No. 13, ¶ 9.) The Third Circuit clarified the correct legal standard in *Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007).

In *Frederico*, the Court distinguished *Morgan* from *Samuel-Bassett* because the plaintiff in *Morgan* expressly limited the amount in controversy to an amount lower than the jurisdictional requirement; in contrast, the claims in *Samuel-Bassett* did not involve such limitations on the amount in dispute. *Id.* at 195. The *Frederico* Court held that *Morgan* applies in cases where the complaint

specifically limits the amount in controversy to less than the jurisdictional minimum. *Id.* at 196-97. In such cases, the proponent seeking removal must prove to a legal certainty that plaintiff *can* recover the jurisdictional amount. *Id.* In contrast, the Court held that *Samuel-Bassett* applies in cases where the plaintiff has not expressly limited the amount in the complaint to less than the jurisdictional minimum. *Id.* at 197. In such cases, the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount. *Id.*

In the instant case, the Complaint contains a clause limiting the amount in controversy to less than $75,000.00. (*See* Compl. ¶ 5.) Under *Frederico*, the *Morgan* framework applies because the Complaint expressly limits the amount in controversy to an amount below the jurisdictional minimum. Thus, Defendants must prove to a legal certainty that Plaintiff can recover the jurisdictional amount.

In analyzing whether removal was proper, this Court must first look at the allegations in the Complaint. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). A plaintiff may limit her monetary claims to avoid the amount in controversy threshold. *Morgan v. Gay*, 471 F.3d at 474. However, even if a plaintiff states that her claims fall below the threshold, this Court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not. *Id.* at 474-75. The amount in controversy is "not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus*, 989 F.2d at 146. This Court's task is to examine not just the dollar figure offered by the Plaintiff but also her actual legal claims. *Id.* at 475. The removal statutes must be strictly construed against removal and all doubts should be resolved in favor of remand. *Boyer v. Snap-On Tools*, 913 F.2d 108, 111 (3d Cir. 1990).

6

In the instant case, Plaintiff does not specify an amount for compensatory damages in her Complaint.  Instead, she avers that she was entitled to receive the actual cash replacement value, limited only by the coverage limits contained within the Contract, and inserts two *ad damnum* clauses that must be viewed in conjunction.  The first *ad damnum* clause seeks damages in an amount subject to the policy limits of the Contract, plus interest and costs totaling less than $75,000.00.  The second *ad damnum* clause contains an open-ended demand for an award of interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus three percent, punitive damages, attorney's fees, court costs, and such relief as the Court may deem proper in excess of $30,000.00.

Plaintiff argues that under 28 U.S.C. §1332(a), the amount in controversy is calculated exclusive of interest and costs, including attorney's fees.  (Doc. No. 8, ¶ 6.)  However, the Third Circuit has held that in calculating the amount in controversy, we must consider potential attorney's fees.  *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997).  Although 28 U.S.C. § 1332 excludes "interest and costs" from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.  *Id.* (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)).  They are here.  *See* 42 Pa.C.S.A. §8371.  Thus, Plaintiff's claim that attorney's fees are to be excluded in the calculation of the amount in controversy is defeated.  Plaintiff then argues, in the alternative, that even if attorney's fees are included as outlined under 42 Pa.C.S.A. §8371, her claim still does not meet the amount in controversy requirement.  (Doc. No. 8, ¶ 13.)  Plaintiff contends that this action is not removable because the amount of damages claimed in this case is $14,758.00, exclusive of interest and costs.  (Doc. No. 8, ¶ 12.)

Without a specified amount for compensatory damages, Plaintiff could recover up to $195,600.00, the policy limit for tangible personal property under the insurance contract.  In the event that Plaintiff recovers compensatory damages in excess of $75,000.00 under Count I of her Complaint, it would be unnecessary to aggregate an award under Count II to reach the jurisdictional minimum.  Alternatively, if we were to use the $14,758.00 figure for compensatory damages that Plaintiff notably specifies for the first time in her Motion to Remand, the Court would then turn its analysis to Count II of the Complaint, which Plaintiff claims is in excess of $30,000.00, and aggregate both awards to determine the amount in controversy[2].  In such a situation, an award of punitive damages of just over five times the claimed compensatory damages (excluding attorney's fees, interest, and court costs) would put Plaintiff's claim over the $75,000.00 threshold[3]. Defendants submit that a complaint seeking as little as $14,000.00 in compensatory damages together with punitive damages, attorney's fees, and costs have satisfied the jurisdictional threshold.  *See Harvey v. U.S. Life Ins. Co.*, 2008 U.S. Dist. LEXIS 55574 (E.D. Pa., July 18, 2008).  Thus, Defendants have successfully proven to a legal certainty that Plaintiff can recover the jurisdictional amount.  In a case such as this one, involving a statutory claim of bad faith, the claim for attorney's fees and punitive damages could put the amount in controversy over the jurisdictional limit.

---

2.  The Court's determination of the amount in controversy must be based on Plaintiff's Complaint at the time petition for removal was filed, and the Court must measure the amount not by the low end of an open-ended claim, but by a reasonable reading of the value of rights being litigated.  *See Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993); *Werwinski v. Ford Motor Co.*, 286 F.3d 661 (3d Cir. 2002).

3.  The Supreme Court has declined to impose a bright-line ratio which a punitive damages award cannot exceed.  *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408, 425 (2003).  However, the Supreme Court stated that, in practice, punitive damages are usually limited by due process considerations to a single digit ratio between punitive and compensatory damages.  *Id*.

8

*Conclusion*

For the foregoing reasons, the Court holds that the $75,000.00 jurisdictional amount has been

met, and, consequently, Plaintiff's Motion for Remand is denied.


Dated: January 25, 2010                    BY THE COURT:



_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc:      Counsel of Record
         *Via Electronic Mail*

9